IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3048-D

EUGENE A. FISCHER,          )
                           )
            Plaintiff,      )
                           )
      v.                    )          **ORDER**
                           )
UNITED STATES OF AMERICA,    )
                           )
            Defendant.      )

Eugene A. Fischer ("Fischer" or "plaintiff"), a federal inmate currently at the Federal

Correctional Complex in Butner, North Carolina ("FCC-Butner"), sued the United States of America

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, in the United States District

Court for the District of Columbia [D.E. 1]. The court transferred the case to the United States

District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a) [D.E. 3].

Fischer challenges the medical care he has received during his confinement at various Bureau of

Prison ("BOP") facilities. On January 22, 2010, the court reviewed the complaint pursuant to 28

U.S.C. § 1915A, dismissed Fischer's request for punitive damages as frivolous, and allowed the

remainder of the action to proceed. Fischer v. United States, No. 5:09-CT-3048-D, [D.E. 13]

(E.D.N.C. Jan. 22, 2010) (unpublished).

On March 30, 2010, the government filed a motion to dismiss and argued that Fischer's

FTCA claim is time-barred [D.E. 18]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th

Cir. 1975) (per curiam), the court notified Fischer about the motion to dismiss, the consequences of

failing to respond, and the response deadline [D.E. 20]. On April 7, 2010, the government filed a

motion to stay discovery [D.E. 21]. On April 23, 2010, upon obtaining an extension of time from the court, Fischer responded in opposition to the motion to dismiss [D.E. 24]. On June 16, 2010, Fischer filed a motion to compel [D.E. 30]. On September 23, 2010, Fischer filed a motion for summary judgment [D.E. 31]. On October 12, 2010, the government filed a response in opposition [D.E. 32]. As explained below, the court grants the government's motion to dismiss and denies the remaining motions.

I.

The government seeks dismissal pursuant to Rules 12(b)(1) and 12(b)(6). Mot. Dismiss at 1. In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Under Rule 12(b)(1), the plaintiff bears the burden of establishing federal jurisdiction. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject-matter jurisdiction may be based, the facts in the complaint are

2

assumed to be true. Kerns, 585 F.3d at 192. Where the Rule 12(b)(1) motion attacks the existence of subject-matter jurisdiction, apart from the complaint, the court may weigh the evidence to determine the existence of jurisdiction. Id.

"Fischer has had a medical condition which was diagnosed as Benign Prostate Hyperplasia (hereinafter 'BHP') since 1998. Fischer has been incarcerated during this entire time." Compl. at 12. Fischer's complaint describes a series of medical problems, hospitalizations, and treatment, all relating to his BHP, beginning as early as 2002 and ending in May 2007, when Fischer was transferred to the Federal Medical Center in Butner, North Carolina ("FMC-Butner"). Id. at 12–20. "On the morning of November 20, 2004, Fischer collpased [sic] in his cell in a pool of blood . . . . and . . . was . . . rushed by ambulance to Leesburg Regional Medical Center" and "immediately placed in intensive care . . . and was considered in near death condition." Id. at 6. On June 6, 2005, Fischer submitted a "Request for Administrative Remedy" to BOP regarding his medical treatment. Mem. Supp. Mot. Dismiss, Ex. 1 at 14–15 (6/6/05 Request for Administrative Remedy). BOP denied the request, and Fischer appealed. Id. at 16–17. On July 21, 2005, BOP informed Fischer that "the Administrative Remedy Program is not the appropriate forum to request compensation" and suggested that Fischer could pursue an administrative claim through the FTCA. Id. at 18. Fischer filed another appeal, and on November 10, 2005, BOP again denied the appeal and informed Fischer that "the proper medium in which to seek monetary compensation" is through "a claim under the Federal Tort Claims Act." Id. at 19–21.

On November 17, 2006, while incarcerated at the United States Penitentiary in Coleman, Florida ("USP-Coleman"), Fischer filed a complaint ("the Florida complaint") in the Middle District of Florida pursuant to the FTCA and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Mem. Supp. Mot. Dismiss, Ex. 1 at 1–12 (complaint). The

3

Florida complaint alleged many of the same acts alleged in this action, but the last act alleged in the Florida complaint is that a new Physician Assistant arrived at USP-Coleman in March 2006 and began providing daily treatment "to treat [a] severe infection in Fischer's left leg." Id. at 10. The infection is one of many health issues alleged in the Florida complaint. See id. at 4–10 (alleging, among other things, "severe obstruction of the urinary tract" due to Fischer's "extremely enlarged prostate," "various symptoms such as constipation, dizziness and blood in his urine" due to failure to monitor Fischer's prothrombin level from taking the blood thinner Coumadin, "complete renal failure with massive hemorrhaging" requiring placement in intensive care, and "blood clotting occurring because of [Fischer's] extremely high levels of red-blood corpuscles . . . causing 'sludging'" due to failure to monitor Fischer's blood levels while treating him with the blood thinner Heparin).

The Middle District of Florida dismissed Fischer's FTCA claim for "failure to satisfy the FTCA's statutory prerequisite of first filing an administrative claim for a sum certain before filing suit[.]" Fischer v. Fed. Bureau of Prisons, No. 5:06-CV-407-GRJ, at 9 (M.D. Fla. Sept. 14, 2007) (unpublished). Notably, the Middle District of Florida found that Fischer's "argument that his prison administrative remedy requests and appeals satisfy the . . . FTCA is without merit" because the "administrative remedy requests do not state that he is filing a claim pursuant to the FTCA, and Plaintiff never set forth the requisite sum certain of his damages claim." Id. Moreover, the Middle District of Florida granted summary judgment to defendants on Fischer's Bivens claim because Fischer "offer[ed] no evidence sufficient to support a conclusion that Dr. Tidwell's treatment reflects an intentional disregard of a risk of serious harm to Plaintiff which caused Plaintiff's November 20, 2004, medical emergency, or that Dr. Tidwell evinced deliberate indifference to Plaintiff's serious medical needs with regard to any subsequent treatment." Fischer v. Fed. Bureau of Prisons, No.

4

5:06-CV-407-GRJ, 2008 WL 4371828, at *9 (M.D. Fla. Sept. 23, 2008) (unpublished), aff'd, 349 F. App'x 372 (11th Cir. 2009) (per curiam) (unpublished).

On April 11, 2008, Fischer filed an administrative tort claim pursuant to the FTCA. Compl., Ex. 1 at 5–18 (FTCA claim form and statement of facts). Fischer's claim reprised the allegations in his Florida complaint, and added allegations of improper medical treatment occurring in 2006 and 2007. Id. at 18. On October 14, 2008, the BOP denied the claim because Fischer was "given appropriate medical treatment by staff in a professional and appropriate manner at all times." Id. at 2 (10/14/08 BOP letter denying claim). On January 28, 2009, Fischer filed this action.

The government argues that the FTCA's two-year statute of limitations bars Fischer's action. Mem. Supp. Mot. Dismiss at 1. Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The FTCA constitutes a waiver of sovereign immunity and is strictly construed. United States v. Kubrick, 444 U.S. 111, 117–18 (1979). Moreover, the time requirements in section 2401(b) are jurisdictional and may not be waived. See, e.g., Kontrick v. Ryan, 540 U.S. 443, 453 n.8 (2004); Kubrick, 44 U.S. at 117–18; Ahmed v. United States, 30 F.3d 514, 516–17 (4th Cir. 1994); Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990) (en banc).[1]

_____

[1] Not every statute of limitations affects subject-matter jurisdiction. See, e.g., Eriline Co. v Johnson, 440 F.3d 648, 653–56 (4th Cir. 2006). However, the FTCA's statute of limitations does. See, e.g., Kontrick, 540 U.S. at 453 n.8; Kubrick, 444 U.S. at 117–18; Gould, 905 F.2d at 741.

Case 5:09-ct-03048-D   Document 33   Filed 01/26/11   Page 5 of 7

Generally, FTCA claims follow the "injury occurrence rule," which defines the accrual date as the actual time of injury. Gould, 905 F.2d at 742. In Kubrick, the Court recognized that the discovery rule may apply in some medical malpractice cases. Kubrick, 445 U.S. at 122–23. Under the discovery rule, a plaintiff's claim accrues when he becomes aware of "the critical facts that he has been hurt and who has inflicted the injury." Id. at 122. A plaintiff armed with these critical facts must investigate to determine if the injury resulted from negligent conduct. Id. at 123–24 & n.10; Lekas v. United Airlines, Inc., 282 F.3d 296, 299–300 (4th Cir. 2002); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Miller v. United States, 932 F.2d 301, 304 (4th Cir. 1991).

The government argues that Fischer "clearly knew about his injury and the 'critical facts' as to its cause triggering the two-year statute of limitations as early as November 20, 2004[,]" when Fischer was first admitted to the hospital. Mem. Supp. Mot. Dismiss at 8. The government notes that in July and November 2005, it "even advised plaintiff that the proper medium for the remedy he sought was an administrative tort claim" pursuant to the FTCA, and plaintiff did not file his tort claim within two years of that correspondence. Id. Finally, the government contends that Fischer "does not allege any negligent acts beyond March 2006 . . . ." Id. In opposition, Fischer cites to the "continuous treatment" tolling theory and contends that his complaint enumerates facts showing tortious acts which continued through June 2007. See Pl. Mem. Opp. Mot. Dismiss at 1–2, 6–7.[2]

The record demonstrates that Fischer began to question the quality of his medical treatment on June 6, 2005, when he submitted an administrative remedy request to BOP. Mem. Supp. Mot.

---

[2] The "continuous treatment" tolling theory applies to treatment for the same problem by the same doctor. Miller, 932 F.2d at 304–05; Otto v. Nat'l Institute of Health, 815 F.2d 985, 988–89 (4th Cir. 1987). The rationale underlying the theory is to excuse a patient from challenging the quality of care being rendered until the relationship ends. Otto, 815 F.2d at 988.

Dismiss, Ex. 1 at 14–15. Moreover, even if Fischer's claim could be tolled under a "continuous treatment" theory, his claim still accrued no later than March 2006, when a new physician assistant began treating Fischer. See Compl., Ex. 1 at 15; cf. Miller, 932 F.2d at 304–06; Otto, 815 F.2d at 988–89. Fischer did not, however, file his administrative tort claim until April 11, 2008. Accordingly, the action is time-barred, and this court lacks subject-matter jurisdiction.

II.

For the reasons stated, the court GRANTS the government's motion to dismiss [D.E. 18], DISMISSES the action, and DENIES the remaining motions [D.E. 21, 30, 31]. The Clerk of Court is directed to close this case.

SO ORDERED. This 2 6 day of January 2011.

JAMES C. DEVER III
United States District Judge

7